IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERMAN JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>POLICE OFFICER JAMES HUNT, )<br>STAR #11442, INDIVIDUALLY AND IN )<br>HIS OFFICIAL CAPACITY AS A CITY )<br>OF CHICAGO POLICE OFFICER AND )<br>EMPLOYEE OF THE CHICAGO POLICE )<br>DEPARTMENT, CITY OF CHICAGO, )<br>A MUNICIPAL CORPORATION, )<br>)<br>Defendants. ) | NO. |

## COMPLAINT

NOW COMES the Plaintiff, SHERMAN JONES, by and through his attorneys, CHARLES E. PINKSTON & ASSOCIATES, and complains of the Defendants, as follows:

### JURISDICTIONAL STATEMENT

1. This action is brought pursuant to 42 U.S.C. Section 1983, as well as the Fourth and Fourteenth Amendments of the United States Constitution. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1343(a)(3) in that it is brought to redress deprivations under color of state authority, of rights, privileges and immunities secured by the United States Constitution and 28 U.S.C. section 1391(b)(1) based on where the defendants reside.

### VENUE

2. At all materials herein, Plaintiff was a resident of the City of Lansing, County of Cook, State of Illinois.

3. Defendant, Officer James Hunt, Star #11442, upon information and belief, was at all material times a resident of the State of Illinois and an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity.

4. Defendant City of Chicago, upon information and belief, was at all material times a municipal corporation of the State of Illinois which has one if its departments, the Chicago Police Department. It is being sued in its official capacity.

5. At all times relevant herein, all the Defendants were jointly engaged in, or were aware of, tortious activity resulting in the deprivation of the Plaintiff's Constitutional rights.

6. All material events giving rise to this lawsuit occurred in the City of Chicago, State of Illinois.

7. Venue is properly in this Court because all of the Defendants were situated in this judicial district when the events that gave rise to this complaint occurred and all of the Defendants reside in the Northern part of this state.

## PARTIES

8. Plaintiff, Sherman Jones, is a resident of the City of Lansing, County of Cook, State of Illinois.

9. Defendant Officer James Hunt, Star #11442, was and is employed in the City of Chicago, State of Illinois as an Officer of the Chicago Police Department, who unlawfully arrested Plaintiff, and who unlawfully conspired with others to have Plaintiff charged and prosecuted for crimes the Defendant knew or should have known that the Plaintiff did not commit.

10. Defendant City of Chicago, is a Municipal Corporation whose agents and employees failed to adequately train and supervise its employee, Officer Hunt and whose agents and employees ratified the acts of Officer Hunt.

**FACTS**

11. On or about December 22, 2017, Sherman Jones, was lawfully upon the public way at or near 7724 S. Throop Street, in Chicago, Illinois, having just exited the Walgreen's parking lot at 79th and Racine Street., the time in which he first observed that Officer Hunt was following him. Plaintiff continued to proceed to his destination, 7724 S. Throop, his childhood residence and present home of his mother and other relatives.

12. While at said location, Plaintiff was approached by Defendant Officer Hunt and was immediately taken into custody. Then Defendant Officer Hunt searched Plaintiff's vehicle without probable cause and without consent, placed handcuffs on Plaintiff, and placed him into as squad car. After searching the vehicle, Officer Hunt announced that a weapon was found and that Plaintiff was under arrest.

13. After falsely arresting Plaintiff without probable cause, Officer Hunt had other officers transport Plaintiff to the Sixth District police station and placed in a cell. Plaintiff was held in custody for approximately two (2) days before appearing in bond court. In addition to being given a bond that required cash, Plaintiff was also placed on electronic monitoring, which caused tremendous problems with Plaintiff's employment at Ford Motor Company. As a

result, Plaintiff was caused to miss regular work time as well as overtime, causing Plaintiff to lose substantial income. Additional efforts were made to have the electronic monitoring stricken, which was ultimately done on or about a month later.

14. Upon falsely arresting Plaintiff without probable cause, Defendant Officer Hunt actively participated in the arrest process, including but not limited to, participating in the preparation of various police and supplemental reports and the Complaint for Preliminary Hearing.

15. That after spending a second night in custody, Plaintiff was sent to bond court where he was eventually released on a cash bond as well as electronic monitoring. A grand jury subsequently found probable cause to proceed on the false and contrived charges initiated by the Defendants based on the false information provided by the Defendants.

16. That after securing legal counsel to represent him and appearing in court each and every time the matter was in court over the next seven (7) months, Plaintiff's counsel arranged for a hearing to be held on a motion to quash the arrest and to suppress the evidence. Said hearing was to be held on July 29, 2018. At said hearing, the state considered the evidence and the history of Officer Hunt and decided to dismiss the charges against the Plaintiff.

17. That on July 29, 2018, approximately eight (8) months after being falsely arrested and accused, the criminal matter was dismissed as to the Plaintiff.

18. That based on information and belief, Defendant CITY OF CHICAGO, a Municipal Corporation, failed to adequately train, instruct, supervise and control its employee, Defendant Officer James Hunt.

## COUNT I
### 42 U.S.C. Section 1983

19. Plaintiff hereby repeats, re-alleges and incorporates by reference herein paragraphs 1-18 of this Complaint as though fully set forth herein.

20. On or about December 22, 2017, Defendant Police Officer James Hunt arrested Plaintiff without probable cause, in violation of Plaintiff's rights secured to him by the Fourth Amendment to the United States Constitution.

21. That during the course of said arrest, Defendant Police Officer James Hunt assisted in the Plaintiff's arrest by falsifying information, in further violation of Plaintiff's Fourth Amendment rights. Officer Hunt committed acts of furtherance of the scheme to violate Plaintiff's constitutional rights by transporting Plaintiff to the Chicago Police Department while in custody, processing him, detaining him and participating in the preparation of the arrest and police reports and the Complaint for Preliminary Hearing. All acts were committed by the officer when he knew or should have known the Plaintiff was not involved in any crime or with reckless disregard for the truth of those matters, all in violation of 42 U.S.C. Section 1983 and the Fourth Amendment.

22. That as a result of said acts, Plaintiff sustained and continues to suffer from financial and emotional injuries.

23. That Plaintiff's arrest was the direct and proximate result of the aforementioned violation of rights conferred by the United States Constitution and the wrongful acts and

omissions perpetuated by the individual Defendant Police Officer, while acting under color of law and pursuant to customs, policies and/or procedures which were in violation of 42 U.S.C. Section 1983.

24. Federal law provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

25. While acting under color of law, Defendant Police Officer systematically, knowingly, intentionally, and/or with deliberate indifference deprived Plaintiff of his rights under the United States Constitution.

26. At all material times, Defendant Hunt conspired with other officers in pursuit of a common plan to commit tortious acts and/or deprive Plaintiff of his constitutional rights, actively participated in this conspiracy and furthered it by cooperation or request, lending aid and/or encouragement to wrongdoers and/or ratifying and adopting and/or concealing the acts done for their benefit. Additionally, each defendant acted negligently and/or with the intent to deprive Plaintiff of his rights.

27. The Defendants are civilly liable to Plaintiff pursuant to 42 U.S.C. Section 1983, because all of the aforementioned deliberately indifferent, reckless, willful, wanton, malicious, and/or intentional acts and/or omissions of defendants, as set forth herein, were committed under color of law and pursuant to customs, policies, statutes, laws, codes, and/or practices of the City of Chicago, State of Illinois and said acts and omissions deprived Plaintiff of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff, Sherman Jones, prays that this Honorable Court find that the Defendants violated Plaintiff's constitutional rights and find them liable for compensatory and punitive damages in the amount of One Million Dollars and grant the Plaintiff any other relief that the Court deems just and equitable.

## COUNT II
### Failure Of City of Chicago To Train, Supervise and Control

28. Plaintiff hereby repeats, re-alleges and incorporates by reference herein paragraphs 1 - 27 of this Complaint as thought fully set forth herein.

29. That the City of Chicago has a duty to properly select and train its police officers and that failing to train police officers may be the basis for managerial liability under 42 U.S.C. Section 1983.

30. That notwithstanding its duty, the City of Chicago failed to properly train, instruct, supervise and control its employee Officer James Hunt in dealing with matters such as the situation involving Plaintiff where it is critical to obtain proper information and to pursue arrest warrants before subjecting innocent citizens to unlawful arrests and prosecution.

31. That Defendant City of Chicago has breached its duty and is therefore civilly liable to Plaintiff for the injuries and violations of his civil rights that he sustained of the hands of Defendant City's employee, Police Officer James Hunt, whom the City of Chicago failed to properly train, instruct, supervise and control.

WHEREFORE, Plaintiff, Sherman Jones, prays that this Honorable Court finds that the Defendant City of Chicago violated Plaintiff's constitutional rights and find them liable for compensatory and punitive damages in the amount of Five Hundred Thousand Dollars and grant the Plaintiff any other relief that the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/Charles E. Pinkston
CHARLES E. PINKSTON
CHARLES E. PINKSTON & ASSOCIATES

CHARLES E. PINKSTON & ASSOCIATES
Attorneys for Plaintiff Sherman Jones
40 N. Wells Street, Suite 300
Chicago, Illinois 60606
312-905-6001 (Phone)
312-905-2016 (Fax)
legalatrics@yahoo.com