UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERMAN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 19 C 4118 |
| JAMES HUNT, star #11442, individually and | ) |
| in his official capacity as a City of Chicago | ) Judge Sara L. Ellis |
| Police Officer and employee of the Chicago | ) |
| Police Department, and the CITY OF | ) |
| CHICAGO, a municipal corporation, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

A grand jury returned a criminal indictment against Sherman Jones after Officer James Hunt allegedly found a gun in Jones' car. Jones contested the legality of the search and the prosecution subsequently dismissed the indictment. Jones then filed this suit against Hunt and the City of Chicago (the "City"), alleging Hunt violated his Fourth Amendment rights, pursuant to 42 U.S.C. § 1983, and that the City failed to properly train its officers under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). The City moves to dismiss Jones' *Monell* claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Jones has not pleaded sufficient facts to put the City on notice of its alleged wrongdoing, the Court grants the City's motion.

## BACKGROUND[1]

On December 22, 2017, Jones drove his car out of a Walgreen's parking lot at the intersection of West 79th Street and South Racine Avenue, Chicago, Illinois. He was on his way to his mother's residence a few blocks away, at 7724 South Throop Street, when he noticed that Hunt was following him in a squad car. When Jones arrived at his mother's residence, Hunt immediately placed Jones in handcuffs and searched Jones' car without his consent. Hunt stated that he found a weapon in the car and arrested Jones. Hunt helped prepare a complaint for a preliminary hearing and a grand jury later returned a criminal indictment against Jones. Jones subsequently moved to suppress the evidence against him. At the motion hearing, on July 29, 2018, the prosecution dismissed the charges against Jones.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[1] The facts in the background section are taken from Jones' complaint and are presumed true for the purpose of resolving the City's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

# ANALYSIS

Pursuant to *Monell*, a plaintiff can sue a municipality under § 1983 when the municipality's policy or practice was the "moving force of the constitutional violation." 436 U.S. at 694. A plaintiff can demonstrate this with: 1) evidence of enforcement of an express policy that would cause the constitutional deprivation; 2) evidence of a common practice so widespread it constituted a custom or usage with the force of law, despite not being a written or express policy; or 3) evidence that a person with final policy-making authority caused the harm. *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015). Jones advances his claim under the second prong, arguing that the City failed to properly train and supervise its police officers. This requires Jones to "plead factual content that allows the court to draw the reasonable inference" that the City had a custom or practice of failing to properly train its employees, *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678), and that the inadequate training amounted to "deliberate indifference to the rights of persons with whom the police come into contact," *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

The City argues Jones has only made boilerplate and conclusory allegations that are insufficient to state a *Monell* claim. Indeed, the complaint does not clearly identify the custom or practice that allegedly caused Jones' constitutional injury. Jones alleges that the City failed to properly train and supervise Hunt, *see* Doc. 1 ¶ 10 ("Defendant City of Chicago, is a Municipal Corporation whose agents and employees failed to adequately train and supervise its employee, Officer Hunt and whose agents and employees ratified the acts of Officer Hunt."), and that Hunt's actions were the result of a City-wide custom or practice, *id.* ¶ 23 ("Plaintiff's arrest was the direct and proximate result of the aforementioned violation of rights . . . and the wrongful acts and omissions perpetuated [sic] by the individual Defendant Police Officer, while acting

under color of law and pursuant to customs, policies and/or procedures which were in violation of 42 U.S.C. Section 1983."). These allegations are "[t]hreadbare recitals of the elements of a cause of action" that the Court need not accept as true. *Ashcroft*, 556 U.S. at 678. The complaint also alleges that the City failed to properly train Hunt "in dealing with matters such as the situation involving Plaintiff where it is critical to obtain proper information and to pursue arrest warrants before subjecting innocent citizens to unlawful arrests and prosecution." Doc. 1 ¶ 30. But Jones does not allege that Hunt's actions were illegal *because* Hunt failed to secure an arrest warrant. *Cf. Collins v. Virginia*, 584 U.S. ----, 138 S. Ct. 1663, 1669 (2018) ("[T]he search of an automobile can be reasonable without a warrant."). Instead, Jones alleges that Hunt: 1) "unlawfully conspired with others to have Plaintiff charged and prosecuted for crimes the Defendant knew or should have known that the Plaintiff did not commit;" 2) searched Jones' vehicle without probable cause; and 3) falsified information to facilitate Jones' arrest. Doc. 1 ¶¶ 9, 12, 21. As such, Jones fails to describe a "direct causal link between the municipal policy [of failing to train officers on when to seek arrest warrants] and the constitutional deprivation." *Arlotta v. Bradley Ctr.*, 349 F.3d 517, 522 (7th Cir. 2003) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 510 (7th Cir. 1993)). This is not enough "to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *McCauley*, 671 F.3d at 617 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)).

Jones seeks to clarify his allegations in his response to the motion to dismiss. *See Help At Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752–53 (7th Cir. 2001) ("'A plaintiff need not put all of the essential facts in the complaint;' he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint."

(citation omitted)). In his response, Jones adds that the Chicago Police Department ("CPD") has a practice "of targeting black men and following them while looking for the opportunity to conduct an illegal search and make an arrest" and that officers try to "figure out ways to conduct an illegal search and seizure and to justify that action through the use of fraud and deceit." Doc. 17 at 3, 4. He further alleges that the need for training to prevent this practice is "so obvious," *City of Canton*, 489 U.S. at 390, that it amounts to deliberate indifference to the CPD's constitutional violations.

The City argues that Jones still fails to plead enough facts to proceed on a failure to train claim against it. To determine whether Jones has sufficiently alleged a widespread practice courts sometimes consider allegations of other similar instances of misconduct. *See Carmona v. City of Chicago*, No. 15-cv-00462, 2018 WL 1468995, at *2 (N.D. Ill. Mar. 26, 2018) (collecting cases). But this is not a requirement, and Jones need not "identify every other or even one other individual" who was arrested because of the same misconduct at the pleadings stage. *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016); *see Williams v. City of Chicago*, No. 16-cv-8271, 2017 WL 3169065, at *9 (N.D. Ill. July 26, 2017) ("Post-*White* courts analyzing *Monell* claims . . . have 'scotched motions to dismiss' premised on arguments that the complaint does not contain allegations beyond those relating to the plaintiff." (quoting *Stokes v. Ewing*, 16 C 10621, 2017 WL 2224882, at *4 (N.D. Ill. May 22, 2017))); *Barwicks v. Dart*, No. 14-cv-8791, 2016 WL 3418570, at *4 (N.D. Ill. June 22, 2016) (at summary judgment, a single incident cannot establish a *Monell* claim, but at the motion to dismiss stage, a plaintiff "need only *allege* a pattern or practice, not put forth the full panoply of evidence from which a reasonable factfinder could conclude such a pattern exists"). Alternatively, courts have looked to other factual allegations to buttress a plaintiff's claim. *See Mendez v. City of Chicago*, No. 1:18 C 6313, 2019

5

WL 4934698, at *3 (N.D. Ill. Oct. 7, 2019) (reference to Department of Justice report on CPD's excessive force during foot chases helped establish failure to train officers on use of force claim); *Shields v. City of Chicago*, No. 17 C 6689, 2018 WL 1138553, at *4 (N.D. Ill. Mar. 2, 2018) (reference to two reports highlighting CPD's use of excessive force that was similar to plaintiff's allegations helped establish claim); *Stokes*, 2017 WL 2224882, at *2–3 (allegations that CPD maintained a point system that "reward[ed] officers in proportion to the number of guns confiscated" made it plausible that CPD's practice of arresting and falsely charging individuals unless they could obtain and turn over guns was the "driving force" behind plaintiff's false arrest); *Listenbee v. City of Harvey*, No. 11 C 03031, 2013 WL 5567552, at *3–4 & n.3 (N.D. Ill. Oct. 9, 2013) (allegations of a brazen attack that suggested no fear of reprisal and citation to Department of Justice report that found "serious deficiencies" in police department's use of force, lent plausibility to plaintiff's *Monell* claim). In *White*, for example, the plaintiff alleged that the defendant officer sought an arrest warrant, knowing he lacked probable cause, based upon conclusory allegations that the plaintiff had committed a criminal offense. 829 F.3d at 840–41. The plaintiff also attached a copy of the "standard complaint form" that did "not require specific factual support for an application for an arrest warrant." *Id.* at 841, 844. The Seventh Circuit found that plaintiff's allegations of a widespread practice of requesting warrants based on conclusory allegations, "[t]ogether with the individual claim against [the officer] and the standard printed form," were enough to state a claim. *Id.* at 844.

Here, Jones offers no additional factual allegations beyond his conclusory assertions that the alleged violations "can be proven to have occurred in thousands of instances." Doc. 17 at 3. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Jones levies broad

6

accusations of misconduct that are not "tailored to identify particular police training procedures or policies." *Armour v. Country Club Hills*, No. 11 C 5029, 2014 WL 63850, at *7 (N.D. Ill. Jan. 8, 2014). Accordingly, he has not pleaded enough facts to nudge his claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, or to "put the [City] on proper notice of the alleged wrongdoing," *Armour*, 2014 WL 63850, at *7 (quoting *Riley v. Cty. of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010)). Because Jones may be able to cure the complaint's shortcomings, the Court dismisses the *Monell* claim without prejudice. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible.").

## CONCLUSION

For the foregoing reasons, the Court grants the City's motion to dismiss Jones' *Monell* claim [10]. The Court dismisses the *Monell* claim (Count II) without prejudice.

Dated: February 19, 2020

_____
SARA L. ELLIS
United States District Judge